**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| K. CRAIG BRANCH, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:10-CV-128-RWS |
| JOHN T. OTTINGER, JR., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

This case comes before the Court on Plaintiffs' Motion to Stay Pending Appeal [67] and Defendants' Motion for Oral Argument [73]. After a review of the record, the Court enters the following order.

## 1. Brief Factual Background

This case arises out of securities transactions between the Plaintiffs and the original Defendants'[1] organizations. Plaintiffs K. Craig Branch, Mary W. Branch, and H. Brian Haney all purchased securities in Cornerstone Ministries Investments, Inc. ("Cornerstone") and Wellstone Retirement Communities I, LLC. Cmpl., Dkt. No. [1] at ¶¶ 26, 31. Additionally, Plaintiffs Craig and Mary

---

[1] Plaintiffs originally sued Jayme B. Sickert, John T. Ottinger, Jr., Jack R. Wehmiller, and George B. Dixon - as administrator of the estate of Cecil Brooks.

Branch purchased the same type of securities on behalf of their children, Plaintiffs Catherine Branch Chestnut, Ladye Kimberly Branch, and Christopher Craig Branch. Id. at ¶ 28. Cornerstone and WRC were "created and controlled" by the original Defendants along with Wellstone Securities, Inc. Id. at ¶ 22.

Cecil A. Brooks, who was represented in this suit by his estate's administrator–George Dixon, was the Chairman and Chief Executive Officer of Cornerstone and Defendant John T. Ottinger, Jr. was the Chief Financial Officer.  Additionally, former Defendant Jayme Sickert actually sold the Plaintiffs securities through the Wellstone Securities arm of the original Defendants' organization. Id. at ¶¶ 26, 29.

Eventually in 2008, approximately eleven years after the Branches' initial investment, Cornerstone filed for bankruptcy. Id. at ¶¶ 26, 72. This bankruptcy was due to the "for-profit, high-risk business deals" which the companies were making, contrary to the original Defendants' assertion that the investments would be "safe and stable." Id. at ¶¶ 26, 74.  Plaintiffs, upon learning of this information, filed this suit, alleging: (1) Georgia and Alabama securities law violations; (2) common law fraud; (3) breach of fiduciary duty; (4) promissory

2

fraud; (5) breach of fiduciary duty; and, (5) violations of the 1934 Act and Rule 10b-5.

Plaintiffs voluntarily dismissed all claims against Defendant Jack Wehmiller. Soon after, Defendants Sickert and Dixon successfully moved to dismiss for improper venue, citing an arbitration clause. The Court found that the Plaintiffs and Sickert were signatories to the arbitration agreement, and that Dixon was able to enforce the arbitration agreement against the Plaintiffs through equitable estoppel. Additionally, the Court found that Plaintiffs had not properly pled their claims against Ottinger and ordered them to replead those claim within twenty-one days.

Soon after, Plaintiffs moved to compel Ottinger, a non-signatory to the arbitration clause, into arbitration. The Court denied that request, and again directed the Plaintiffs to amend their complaint. The Plaintiffs have now appealed that order under § 16(a) of the Federal Arbitration Act ("FAA") and have also filed a motion in this Court seeking to stay the district court until the appeal is resolved.

AO 72A
(Rev.8/82)

**II. Discussion**

    A. Motion for Oral Argument

    Because the Court finds that the briefing is sufficient in this matter, Defendant's Motion for Oral Argument [73] is **DENIED**.

    B. Motion to Stay

    Plaintiffs seek to stay this matter until the Eleventh Circuit Court of Appeals decides whether Plaintiffs' claims against Ottinger are arbitrable. In fact, they argue that, after Arthur Anderson v. Carlisle, 556 U.S. 624 (2009), the district court no longer has the authority to deny the stay without the Eleventh Circuit's expressed authorization. Dkt. No. [72] at 2-3. Thus, regardless of the appeal's merits, Plaintiffs argue that the district court must grant their stay request.

    In response, the Defendants argue that because Plaintiffs claims are frivolous, the district court is not automatically divested of jurisdiction. Rather, under Blinco v. Green Tree Servicing, Inc., 366 F.3d 1249, 1253 (11th Cir. 2004), the district court is directed to employ the following course in deciding whether to stay cases during a § 16(a) appeal:

4

> When a litigant files a motion to stay litigation in the district court
> pending an appeal from the denial of a motion to compel
> arbitration, the district court should stay the litigation so long as
> the appeal is non-frivolous. If the district court denies the motion
> to stay, then the appellant may file a motion to stay in this Court. If
> this Court determines that the appeal is non-frivolous, then this
> Court should stay the litigation in the district court pending the
> appeal of the denial of the motion to compel arbitration.

Id. at 1253. As Defendants argue Plaintiffs' appeal is frivolous, the Defendants argue that the case should proceed.

In response to this argument, the Plaintiffs cite dicta from Carlisle. There, in explaining how the courts could minimize the impact of abusive appeals, the Supreme Court stated, "[a]ppellate courts can streamline the disposition of meritless claims and even authorize the district court's retention of jurisdiction when an appeal is certified as frivolous." From this statement, the Plaintiffs argue that it is only the Court of Appeals who may certify frivolity–not the district court. Thus, because the Eleventh Circuit has not certified this appeal frivolous, the district court must yield.

However, looking at this statement in context, the Supreme Court cites its opinion in Behrens v. Pelletier, 516 U.S. 299, 310-11 (1996) in support of that contention. In Behrens, the Supreme Court cited with approval the Circuits'

5

practice of having district courts certify whether a qualified immunity appeal was frivolous, and if they so found, to retain "jurisdiction pending summary disposition of the appeal, and thereby minimiz[ing] disruption of the ongoing proceeding." Id. at 310-11. Thus, by its own citation, it is evident that the Supreme Court did not mandate a Circuit-only approval process for frivolity.

Rather, the Eleventh Circuit has already established a divestiture procedure which still applies after Carlisle. See National Auto Lenders, Inc. v. Syslocate, Inc., No. 09-21765-CIV, 2010 WL 4867583, at *3 (S.D. Fla. April 27, 2010) (finding that the district court's frivolity determination still applied to FAA § 16(a) appeals after Carlisle). Thus, under Blinco, the Court is to determine whether Plaintiffs' appeal is frivolous.

Turning to the merits of the appeal, the Court notes that the Plaintiffs made no arguments that their appeal was not frivolous. Thus, Defendant's arguments to the contrary are deemed **UNOPPOSED**. LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). But, even looking at the merits of Plaintiffs' contentions, the Court finds that Plaintiffs' appeal is frivolous for all the reasons stated in its prior

6

order. <u>See</u> Dkt. No. [63]. Plaintiffs' Motion to Stay [67] is accordingly **DENIED**.

## III. Conclusion

Based on the foregoing, Defendant's Motion for Oral Argument [73] and Plaintiffs' Motion to Stay [67] are **DENIED**. The Plaintiffs are **ORDERED** to amend their complaint consistent with the Court's February 28, 2011 Order [53] within fourteen (14) days of this order. Plaintiffs should note that the filing of any additional motions will not stay the obligation to amend their complaint.

**SO ORDERED**, this __9th__ day of May, 2012.


**RICHARD W. STORY**
United States District Judge

7